NEELY *v.* FLUMERFELT.

PARTNERSHIP—PAYMENT OF INDIVIDUAL DEBT WITH FIRM ASSETS —APPEAL.

In an action to recover for goods alleged to have been furnished to defendant by plaintiffs as copartners, in which defendant denied the existence of the partnership, and claimed that the goods were received from one of the plaintiffs in payment of a debt due from him, but further contended that, if such partnership did exist, defendant was ignorant of the fact, and that the other plaintiff knew of and assented to the arrangement under which the goods were furnished, a judgment for defendant, based upon a verdict rendered under full and fair instructions as to the law applicable to the case, was affirmed.

Error to Oakland; Smith, J. Submitted February 3, 1898. Decided March 15, 1898.

*Assumpsit* by John Neely and Thomas Neely against George Flumerfelt for goods sold and delivered. From a judgment for defendant, plaintiffs bring error. Affirmed.

*Davis & Bromley*, for appellants.

*A. & S. H. Perry*, for appellee.

MOORE, J. Plaintiffs sued defendant to recover pay for flour and feed, valued at $23.61, furnished to him between May 2, 1896, and January 5, 1897. Judgment was rendered in favor of defendant in justice's court, and upon appeal to the circuit court was also rendered in his favor. Plaintiffs bring the case here by writ of error.

It is plaintiffs' claim that April 7, 1896, they formed a partnership to do a milling business at Rochester, Mich., and that during the existence of the partnership the flour and feed were furnished to defendant. It was the claim of defendant that there was in fact no partnership during

the time these items were furnished, but that the business was that of John Neely, who had prior to that date, and for several years, conducted the business, with the exception of a short time in 1895, when Mr. Curry and John Neely were partners.

The defendant, in 1894, left at the mill, while John Neely was doing business alone, about 300 bushels of wheat, with the agreement that, at any time Mr. Flumerfelt wanted to sell it, he should be paid within four cents of the Detroit price. One hundred bushels of the wheat were sold and paid for. The balance was never sold, and it is the claim of the defendant that it was also agreed he could draw flour and feed for himself and man, on the wheat, and that all the flour and feed were furnished him under the agreement, and that he had no knowledge that Thomas Neely claimed to be a partner in the business until after all the flour and feed were furnished him. It is also claimed that if, between themselves, Thomas and John were partners, Thomas was a secret partner, and the partnership was wrongfully concealed from the defendant. It is also claimed that Thomas Neely knew of the agreement existing between John Neely and the defendant about the furnishing of the flour and feed, and assented thereto.

A good many errors are assigned,—as to the admission of testimony, to the refusal of the trial court to give certain of plaintiffs' requests to charge, and to the charge as given. There was no error in relation to the admission of testimony. The questions of law applicable to the case were fairly, and at length, given to the jury. *Dob* v. *Halsey*, 8 Am. Dec. 293 (16 Johns. 34), and note; *Locke* v. *Lewis*, 124 Mass. 1 (26 Am. Rep. 631); *Rogers* v. *Batchelor*, 12 Pet. 231. A careful examination of the record and briefs, and the cases cited therein, satisfies us that none of the errors are well taken. We do not deem it necessary to discuss them in detail.

Judgment is affirmed.

The other Justices concurred.